**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ MAY 1 2 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK·
------------------------------------------------------------x
RANDY R. JAMES,

        Plaintiff,

    -against-

·NEW YORK CITY POLICE DEPARTMENT,
MATTHEW BOYLE, and MATTHEW RUSSO,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-5682 (CBA) (LB)

**AMON, United States District Judge:**

    Plaintiff Randy James filed this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2016 in the United States District Court for the Southern District of New York. (D.E. #1 ("Compl.").) By Order dated October 4, 2016, the action was transferred to this Court. (D.E. dated Oct. 4, 2016.) Plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against the New York City Police Department are dismissed. Plaintiff's claims against Police Officer Mathew Boyle and Police Officer Mathew Russo shall proceed.

## BACKGROUND

    Liberally construed, plaintiff's complaint alleges false arrest and excessive force in connection with his August 2, 2013 arrest in Brooklyn, New York. Plaintiff alleges that he was riding his bicycle on Clarkson Avenue, and when he made a right turn, police officers in a police car called him over to them and informed him of a "traffic infringement" he had committed. (Compl. at 4.) He claims that he briefly spoke with the police officers and was instructed to leave. (<u>Id.</u>) The officers then pulled out of their parking space with their sirens flashing. (<u>Id.</u>) He claims the officers followed him and jumped out of the car. (<u>Id.</u>) Plaintiff alleges that officers "attacked

1

me and I tried my best to shield myself from their blows. Next thing I know I fell and was surrounded by 30 police officers. I could not get back up. They beat the living daylights out of me." (Id. at 4–5.) Plaintiff seeks money damages pursuant to 42 U.S.C. § 1983. Id. at 5.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it: (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).

At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." Id. Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir.1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005).

Plaintiff's claims cannot proceed against the New York City Police Department as it is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). This provision has been construed to mean that New York City departments and agencies, as distinct from the City itself, cannot be sued. See, e.g., Jeffers v. City of New York, No. 15-CV-2965 (JG), 2015 WL 3915306, at *2 (E.D.N.Y. June 25, 2015) (dismissing plaintiff's claim against the NYPD because it is a not a suable entity).

## CONCLUSION

Accordingly, plaintiff's claims against the New York City Police Department are dismissed. No summonses shall issue as to this defendant and the Clerk of Court is directed to amend the caption to reflect the dismissal of this defendant. Plaintiff's claims against Police Officer Mathew Boyle and Police Officer Mathew Russo of the 67th Police Precinct shall proceed.[3]

---

[3] The Court notes that plaintiff's claims may be time-barred because the events giving rise to plaintiff's claims allegedly occurred on August 2, 2013 and plaintiff filed the instant action on September 23, 2016. See Owens v. Okure, 488 U.S. 235, 251 (1999) (holding that the statute of limitations for a § 1983 civil rights action in New York is three years).

3

The United States Marshal Service is directed to serve the summonses, complaint, and this Order upon these defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. The Clerk of Court shall send a copy of this Order to plaintiff. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May      12    , 2017
        Brooklyn, New York

/S/ Judge Carol Bagley Amon
Carol Bagley Amon
United States District Judge